UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUDOLPH LANGE<br><br>Plaintiff<br><br>v.<br><br>JOHN DEROUSSE,<br><br>Defendants. | NO. C08-1444-JCC-JPD<br><br>ORDER RE: PRETRIAL PREPARATIONS |

As defendant has now filed an answer to plaintiff's amended civil rights complaint, the Court does hereby establish the following pretrial schedule:

### Discovery

All discovery shall be completed by *July 14, 2009*. Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within **thirty (30) days** after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least **thirty (30) days** before the deadline in order to allow the other party time to answer.

### Motions

Any dispositive motion shall be filed and served on or before *August 13, 2009*. Pursuant to Local Rule CR 7(b), any argument being offered in support of a motion shall be

ORDER RE: PRETRIAL PREPARATIONS - 1

submitted as a part of the motion itself and not in a separate document.  The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.  Dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

For electronic filers, all briefs and affidavits in opposition to any dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.  If a party (i.e. a *pro se* and/or prisoner) files a paper original, that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration.  If a party fails to file and serve timely opposition to a motion, the Court may deem any opposition to be without merit.  The party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the judicial day designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you.**

**If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). Furthermore, Local Rule CR 7(b)(2) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be considered by the Court as an admission that the motion has merit.

### Joint Pretrial Statement

Counsel and pro se parties are directed to confer and provide the court with a joint pretrial statement by no later than *November 11, 2009*. The joint pretrial statement shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from ach party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3. A list of all exhibits to be offered into evidence at trial;

4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness;

5. Whether the parties agree to arbitration under this district's arbitration program, and if so, whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

6. Pursuant to 28 U.S.C. § 636(c), whether the parties consent to having a Magistrate Judge conduct any or all remaining proceedings, including the trial, and order the entry of judgment in the case;

7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way;

8. Any other suggestions for shortening or simplifying the trial in this case;

ORDER RE: PRETRIAL PREPARATIONS - 3

9. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

10. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

11. Whether the trial will be by jury or non-jury;

12. The number of trial days required, and suggestions for shortening trial; and

13. The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the joint pretrial statement, they may answer in separate paragraphs. Separate statements are not to be filed. Plaintiff's counsel (or plaintiff, if she or he is proceeding pro se) will be responsible for initiating communications for the preparation of the joint pretrial statement.

### Proof of Service and Sanctions

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting pro se. The proof of service shall show the day and manner of service, and shall be provided in the form of either a signed certificate (for admitted attorneys of the bar of this Court), or by signed affidavit (for any non-attorney who served the document). Failure by plaintiff to comply with the provisions of this Order can result in dismissal of the case. Failure by defendant can result in other appropriate sanctions.

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendant.

DATED this 15th day of April, 2009.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PRETRIAL PREPARATIONS - 4