UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RUDOLPH LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C08-1444-JCC-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DEROUSSE, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTIONS TO STAY PROCEEDINGS |
| Defendant. | ) | AND TO APPOINT COUNSEL |
| _____ | ) | |

This is a civil rights action brought under 42 U.S.C. § 1983. Currently pending before this Court are plaintiff's motions to stay proceedings and to appoint counsel. The Court, having reviewed plaintiff's motions, defendant's responses thereto, and the balance of the record, does hereby find and ORDER:

(1) Plaintiff's motion to stay proceedings (Dkt. No. 18) is DENIED. Plaintiff requests in his motion that these proceedings be stayed "for a reasonable amount of time" because he is currently housed in the administrative segregation unit at the Washington State Penitentiary ("WSP") and therefore does not have physical access to a law library or access to other inmates who might assist him with this litigation. However, the Court recently received from plaintiff a notice of change of address which appears to indicate that he is no longer incarcerated at WSP. As it appears plaintiff is

ORDER DENYING PLAINTIFF'S
PENDING MOTIONS - 1

no longer subject to the restrictions he complains about in his motion to stay, the Court deems that motion moot.

(2) Plaintiff's motion for appointment of counsel (Dkt. No. 19) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances that warrant appointment of counsel at the present time.

(3) The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 15th day of April, 2009.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
PENDING MOTIONS - 2